IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SANTO MANCUSO : 
: CIVIL ACTION
v. :
: NO. 21-5386
BOBBY JO SALAMON, *et. al.* :

**ORDER**

AND NOW, this 25th day of January, 2023, upon consideration of Petitioner Santo Mancuso's Objections to the December 7, 2022 Report and Recommendation of U.S. Magistrate Judge Elizabeth Hey (Document No. 16), and following careful review of Judge Hey's Report and Recommendation, it is hereby ORDERED:

1. Petitioner's Objections are OVERRULED and the Report and Recommendation is APPROVED AND ADOPTED.[1]

---

[1] Petitioner Santo Mancuso filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 which was referred to Judge Hey on July 25, 2022 pursuant to 28 U.S.C. § 636(b)(1)(B). In her Report and Recommendation of December 7, 2022, Judge Hey recommended denial of Mancuso's petition in its entirety to which Mancuso timely filed objections on December 22, 2022.

Under 28 U.S.C. § 636(b)(1)(C), the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." In conducting de novo review, the Court examines the record in conjunction with Judge Hey's Report and Recommendation. Here, Mancuso objected to Judge Hey's finding that his trial counsel was not ineffective for failing to present the testimony of Lisa and Michael Guagenti, his sister and brother-in-law. Mancuso argues their testimony would have shown the victim and his family assaulted and endangered Mancuso and his family.

Under 28 U.S.C. § 2254(d):

> "an application for a writ of habeas corpus . . . of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to or involved an

    2.       The Petition for Writ of Habeas Corpus is DENIED.

    3.       A Certificate of Appealability shall not issue.[2]

---

unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . .; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1), (2).

In its opinion on PCRA review, the Pennsylvania Superior Court found Mancuso's trial counsel was not ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) for failing to call the Guagentis as witnesses at trial because their testimony would have been substantially the same as, and cumulative to, the testimony given by Mancuso's mother, Connie Immendorf, at trial.

In her Report, Judge Hey first found the Pennsylvania Superior Court made a reasonable determination of the facts based upon the evidence presented at trial and its decision was in keeping with clearly established Federal law. To prevail on a claim that defense counsel was ineffective requires showing first that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed by the Sixth Amendment;" and second, that this "deficient performance prejudiced the defense." *Strickland*, 468 U.S. at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* At trial, Mancuso's trial attorney called Immendorf to testify to what happened immediately before the stabbing. Immendorf testified that members of the decedent's family started a fight with Mancuso's sister, that she, Mancuso, and his brother-in-law got involved; and that Mancuso drew a knife on the decedent's nephew and stabbed the decedent. (N.T. 2/21/13, 64-73). During the altercation Mancuso and his family, including his mother, suffered minor injuries. *Id.*

Mancuso asserts that shortly after he was retained, his counsel met with the Guagentis who told him "the Leones and the Testas started and escalated the fight on Jessup Street." Pet. Habeas Corpus, 11, ¶ 41, ECF No. 1. Thus, the Guagentis' proposed testimony would have echoed Immendorf's and would have been cumulative. The Common Pleas and Superior Court's determinations that defense counsel's failure to present this testimony did not prejudice Mancuso's defense is a reasonable one. It was neither contrary to nor involved an unreasonable application of clearly established Federal law. *See Com. v. Mancuso*, 2021 Pa. Super. Unpub. LEXIS 1486 at *8 - *9 (Pa. Super. Ct. June 8, 2021); *Com. v. Mancuso*, CP-51-CR-0003330-2012 (May 29, 2020). This Court therefore discerns no error in Judge Hey's Report and Recommendation and it is approved and adopted.

---

[2] Mancuso has not shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this Court's procedural disposition of his claims. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Although he also objects to Judge Hey's recommendation that no certificate of appealability should be issued, Mancuso only argues that the import of the Guagentis'

4. The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
_____

Juan R. Sánchez,      C.J.

---

proffered testimony was "erroneously misconstrued."  Because this argument does not make the requisite showing, the Court finds there is no basis to issue a Certificate of Appealability.